UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE (UNASSIGNED)

| | |
|---|---|
| PLEXUS CORP.,<br><br>        PLAINTIFF,<br>v.<br><br>THE UNITED STATES,<br><br>        DEFENDANT | COURT NUMBER<br>13-00343 |

## COMPLAINT

Plaintiff, Plexus Corp., by and through its undersigned attorney, alleges the following as its Complaint:

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. 1581(a).

2. The Plaintiff is the importer of record for the entries that are the subject of this action, and is the protestant of the contested Customs' decision, and has standing to bring this action.

3. The protests covered by this action were timely filed.

4. All liquidated duties have been paid.

5. The merchandise that is the subject of this action (hereinafter "the subject merchandise") consists of printed circuit assemblies and chassis used as parts in digital encoders, multiplexers and remultiplexers (hereinafter "the finished products").

6. The finished products consist of: (1) Harmonic brand digital encoders identified as models Audio Encoder, MV 500, DiviCom Electra 1000, DiviCom Electra 5000, DiviCom Electra 5400, DiviCom Electra 7000, DiviCom Electra 8000, and DiviCom Ion; (2) Harmonic brand digital multiplexer identified as model ProStream 1000; and (3) Harmonic brand digital remultiplexer identified as model ProStream with ACE.

7. The Plaintiff through this action contests Customs' decision to liquidate the subject merchandise under Harmonized Tariff Schedule of the United States (HTSUS) Subheading 8529.90.1300, dutiable at 2.9% *ad valorem*, as:

> "Parts suitable for use solely or principally with the apparatus of headings 8525 to 8528: Other: Printed Circuit assemblies: Of television apparatus: Other: Other."

and under Subheading 8529.90.8300, dutiable at 2.9% *ad valorem* as:

> "Parts suitable for use solely or principally with the apparatus of headings 8525 to 8528: Other: Other parts of articles of headings 8525 and 8527: Of televisions apparatus: Other."

8. The Plaintiff through this action contests Customs' denial of Plaintiff's protests requesting reliquidation of the subject merchandise under Subheading 8517.70.0000, *duty free*, as:

> "Telephone sets, including telephones for cellular networks or for other wireless networks; other apparatus for the transmission or reception of voice, images or other data, including apparatus for

communication in a wired or wireless network (such as a local or wide area network), other than transmission or reception apparatus of heading 8443, 8525, 8527 or 8528; parts thereof: Parts."

9. The subject merchandise was manufactured by the Plaintiff to Harmonic, Inc.'s design and specifications for use in the finished products. The subject merchandise was used only as parts in the manufacture of the finished products, and has no use other than as parts in the finished products. The manufacture of the finished products could not be completed without the subject merchandise, and the finished products could not function without the subject merchandise.

10. The subject merchandise is classified as parts of the finished products.

11. The classification of the subject merchandise is determined by the classification of the finished products in which the subject merchandise was used as parts.

12. The finished products are used within a digital network to compress and multiplex audio and video data in order to increase the amount of data that can be stored and transmitted given that network's storage space and bandwidth capacity.

13. The finished products do not transmit to telephones, computers, television receiver sets, or any other type of consumer reception apparatus for watching by the end user. In the networks in which the finished products are used, the function of transmitting to the consumer reception apparatus is performed by equipment other than the finished products. The subject merchandise is not used as parts in equipment that performs the transmission function.

14. The finished products can compress and multiplex audio and video digital data of many kinds, and are not limited to compressing or multiplexing television programming recorded on television cameras for viewing on television receiver sets. The finished products are used by telecommunications companies, among others.

15. Customs erred when it determined that the finished products are classified in Heading 8525 as "Transmission apparatus for radio-broadcasting or television", and therefore Customs erred when it determined that the subject merchandise is classified under Subheadings 8529.90.8300 and 8529.90.1300 as parts of apparatus of Headings 8525 to 8528 and as parts of television apparatus.

16. The finished products are classified in Heading 8517 as "other apparatus for the transmission or reception of voice, images or other data, including apparatus for communication in a wired or wireless network (such as a local or wide area network)", and therefore the subject merchandise is classified under Subheading 8517.70.0000 as parts of apparatus of Heading 8517.

17. The term "transmission apparatus" in Heading 8525 describes merchandise that itself performs the function of transmission. The finished products compress and multiplex digital data in a network. The finished products do not perform the transmission function for the networks in which they are used. Transmission to the consumer reception apparatus for viewing by the end user is a function performed by equipment other than the finished products. The finished products are not classified as "transmission apparatus" in Heading 8525.

18. The term "for television" in Heading 8525 describes merchandise that broadcasts a signal for simultaneous viewing on multiple television receiver sets. The finished products do not broadcast a signal for simultaneous viewing, and do not transmit to television receiver sets. The finished products are used in digital communication networks to compress and multiplex audio and video data that is subsequently transmitted by other equipment for either simultaneous or non-simultaneous delivery to, and watching on, mobile telephones, computers, or other consumer reception viewing apparatus that may be or may not be television receiver sets. The finished products are not classified as "for television" in Heading 8525.

19. The exemplars provided in Explanatory Note (A)(1-4) to Heading 8525 describe "transmission apparatus for radio-broadcasting or television" as equipment that either transmits to a television or radio, or that relays a transmission to a television or radio. The finished products do not transmit to a television or radio, and do not relay a transmission to a television or radio. The finished products are not described by the Explanatory Notes to Heading 8525.

20. The finished products are not described by the language of Heading 8525, are not described by the Explanatory Notes to Heading 8525, and are not classifiable in Heading 8525.

21. Customs erred when it determined that the finished products (which compress and multiplex digital audio and video data to facilitate storage and transmission in a network but that do not perform the transmission function and do not transmit to televisions) are classified in Heading 8525 as transmission apparatus for television.

22. The subject merchandise is not classified under Subheading 8529.90.1300 or 8529.90.8300, because the finished products in which the subject merchandise is used as parts are not classified in Heading 8525 as transmission apparatus for television or in any other Heading from 8525 to 8528, but rather are classified in Heading 8517 as apparatus for the transmission or reception of voice, images or other data, including apparatus for communication in a wired or wireless network (such as a local or wide area network). The subject merchandise therefore is classified under Subheading 8517.70.0000 as parts of apparatus of Heading 8517.

23. The Heading 8517 language "apparatus for the transmission or reception of voice, images or other data, including apparatus for communication in a wired or wireless network (such as a local or wide area network)" describes the finished products. The finished products are "apparatus for the transmission" in Heading 8517 and not "transmission apparatus" in Heading 8525, because they compress and multiplex digital data to facilitate the more efficient transmission of that data by other equipment but do not themselves perform the transmission function. The finished products compress and multiplex digital audio and video data representing "voice, images or other data." The finished products are apparatus "for communication in a wired or wireless network (such as a local or wide area network)," because the finished products are used in wired or wireless networks, including local or wide area networks. The finished products are "for communication" in the networks in which they are used because the finished products facilitate communication in those networks by compressing and multiplexing data and because they receive and send data from and to other apparatus in the network.

24. The finished products are described by Explanatory Note (G) to Heading 8517. The finished products allow for the transmission or reception of speech or other sounds, images or other data within a wired or wireless communications network, including, *inter alia*, carrier-current line systems, digital-line systems and combinations thereof, which may be configured, for example, as public switched telephone networks, Local Area Networks (LAN), Metropolitan Area Networks (MAN) and Wide Area Networks (WAN).

25. The finished products are described and identified by name in the Explanatory Notes to Heading 8517. Explanatory Note (G)(4) to Heading 8517 states that Heading 8517 includes "multiplexers." Explanatory Note (G)(5) to Heading 8517 states that Heading 8517 includes "codecs (data compressors/decompressors)," which is a type of encoder that compresses/decompresses data the same as the encoders that are included among the finished products.

26. The finished products are described by the language of Heading 8517 and by the Explanatory Notes to Heading 8517, and are classified in Heading 8517.

27. The finished products are classified under Subheading 8517.62.0050 as "Other apparatus for transmission or reception of voice, images or other data, including apparatus for communication in a wired or wireless network (such as a local or wide area network): Machines for the reception, conversion and transmission or regeneration of voice, images or other data, including switching and routing apparatus: Other."

28. The subject merchandise is classified under Subheading 8517.70.0000, because the finished products in which the subject merchandise is used as parts are classified in Heading 8517 and not in Heading 8525.

29. Customs erred when it determined that the finished products (which compress and multiplex digital audio and video data to facilitate the communication of that data in types of networks named by Heading 8517) are not classified in Heading 8517 as apparatus for communication of voice, images and other data in a network, but rather are classified in Heading 8525 as transmission apparatus for television even though the finished products do not perform the transmission function and do not transmit to televisions.

30. The Harmonized Tariff Schedule was changed in 2007 to provide for the classification of the finished products and the subject merchandise in Heading 8517. Customs erred in rejecting classification of the subject merchandise in Heading 8517 through application of analysis and precedent that pre-dates, and was rendered inapplicable by, the 2007 tariff changes.

31. The World Customs Organization correctly and persuasively determined in three Classification Opinions in March of 2010 that digital encoders, multiplexers and remultiplexers (including a Harmonic brand encoder and a Harmonic brand multiplexer) are classified in Heading 8517, and are not classifiable in Heading 8525, thereby providing the proper interpretation of Headings 8525 and 8517. The contested Customs' decision failed to give adequate weight and consideration to the guidance provided by these World Customs Organization Opinions.

## Request for Relief

WHEREFORE, the Plaintiff requests this Honorable Court to enter judgment in its favor, classifying the merchandise as claimed, and further directing the Customs Port Director at the port of entry to reliquidate these entries classifying the merchandise duty free under Subheading 8517.70.0000 as claimed by the Plaintiff, and to refund to the Plaintiff all duties assessed on the merchandise, plus interest as provided by law; and to grant the Plaintiff such additional and further relief as this Court may deem just.

Respectfully submitted,
s/ Myron Paul Barlow

Myron Paul Barlow, Esq.
Barlow & Company, LLC
877 Baltimore Annapolis Blvd., Suite 309
Severna Park, MD 22146
Tel: (410) 315-9681
mb@barlowpllc.com

Dated: April 8, 2015